UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

TAMA SUSAN BOGAD,

     Plaintiff

v.

ROYAL CARIBBEAN CRUISES LTD. a/k/a
ROYAL CARIBBEAN CRUISES LTD., A LIBERIAN
CORPORATION, d/b/a ROYAL CARIBBEAN
CRUISE LINE and d/b/a ROYAL CARIBBEAN
INTERNATIONAL,

     Defendant.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiff, TAMA SUSAN BOGAD (hereinafter "Plaintiff" or "TAMA BOGAD"), hereby sue the Defendant, Royal Caribbean Cruises, Ltd. (hereinafter "Defendant" or "RCCL") and file this Complaint for Damages and say:

## THE PARTIES AND JURISDICTION

1.    This is an action for damages which exceed $75,000 exclusive of interest, costs, and attorney's fees.

2.    **THE PLAINTIFF.**  The Plaintiff, TAMA SUSAN BOGAD (hereinafter "TAMA BOGAD"), is *sui juris* and is a citizen and resident of Palm Beach County, FL.

3.    **THE DEFENDANT**.  The Defendant, Royal Caribbean Cruises, Ltd. (hereinafter "Defendant" or "RCCL") is a foreign corporation incorporated outside of the state of Florida, but does business in the State of Florida, and at all times material hereto was and is doing business in

1

Miami Dade County, Florida. At all times material hereto the Defendant owned and/or operated the cruise ship on which the subject negligence occurred.

4.     **FEDERAL SUBJECT MATTER JURISDICTION**. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. This action also arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333. Further, this action is being filed in Federal Court in Miami Dade County, Florida, as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

5.     **VENUE AND PERSONAL JURISDICTION**. The Defendant, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

> (a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or
>
> (b) Had an office or agency in this state and/or county; and/or
>
> (c) Engaged in substantial activity within this state; and/or
>
> (d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6.     **OTHER ALLEGATIONS COMMON TO ALL COUNTS** All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

7.     **DATE OF THE INCIDENT**. The incident occurred on February 7, 2019.

8.     **LOCATION OF THE INCIDENT.**   The incident occurred onboard the vessel the *RCCL Harmony of the Seas,* a ship in navigable water, while the Plaintiff was a passenger onboard.

2

Accordingly, the Plaintiff's claims are governed by general maritime law.  Specifically, TAMA BOGAD's slip and fall occurred in or in close proximity to the whirlpool on Deck 15.

9.       **STATUS OF THE PLAINTIFF AT THE TIME OF THE INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and accordingly was an invitee while on the vessel.

10.      **RCCL AND *HARMONY OF THE SEAS*:** RCCL owns and/or operates the *RCCL Harmony of The Seas*.  RCCL owes a duty of reasonable care under the circumstances. The circumstances giving rise to this cause of action are as follows. RCCL custom built the *RCCL Harmony of The Seas* cruise ship in a shipyard in Germany. The *RCCL Harmony of The Seas* is a cruise ship which RCCL had custom built to specifications and designs which were made by or under the supervision and participation of RCCL. The *RCCL Harmony of The Seas* was designed by or at the direction of RCCL's shoreside New Build and other shoreside departments. RCCL employs architects, designers, and engineers.

11.      The *RCCL Harmony of The Seas* has a capacity for 5,497 passengers and 2,300 crew members.  The exterior and interior of the ship was built in Germany at a shipyard under the constant supervision of RCCL's onsite construction managers, designers, architects, and engineers. Under the contract with the shipyard, RCCL not only had full access to the ship to inspect and the ability to inspect the designs used for construction, but also has the ability to reject and change any design or construction at the shipyard and for a period of time thereafter. RCCL holds the ultimate control under their contract with the yard, if an item or design is rejected or at issue and not resolved, RCCL can withhold payment.  That includes the materials used on the floor

3

of the open deck of Deck 15 aboard the *RCCL Harmony of The Seas* which caused this fall and these injuries.

12.     The *RCCL Harmony of The Seas* was delivered to RCCL as finished on May 13, 2016. RCCL has operated and maintained the ship continuously since that time. The *RCCL Harmony of The Seas* is a part of the *Oasis* Class.  RCCL has operated and maintained the other ships in *Radiance* class, listed above, continuously since the time when each of those ships were first built and put into service. And RCCL also custom built to specifications and designs which were made by or under the supervision and participation of RCCL all of the *Oasis* class ships. The design and construction of these ships was under the supervision and with the participation of RCCL personnel who were stationed onsite in the shipyard during construction.

13.     RCCL is in the hospitality business. Deck 15 on the *RCCL Harmony of The Seas* features swimming pools, hot tubs, and chaise lounges. The features on Deck 15 makes it one of the busiest locations on board the ship as the decks are central locations and attract crowds. The operations involve attracting crowds to a central location and controlling and ensuring the safety of those crowds.  Passengers exit the pools and hot tubs all throughout the day, tracking water onto the surrounding decks. The water tracked onto the decks is an ongoing, continuous problem of which RCCL is well aware. Large puddles of water will accumulate on the open decks by the pools and whirlpool. RCCL's open decks, like Deck 15, are also exposed to the elements and repetitively become wet from rain, ocean spray and humidity. RCCL's flooring on the open decks are extremely slippery when wet.  This is an ongoing, continuous problem of which RCCL is well-aware.

14.     **NOTICE**. RCCL knows that passengers exiting the pools and hot tubs all throughout the day will track water onto the surrounding decks. The water tracked onto the decks is an ongoing, continuous problem of which RCCL is well aware.

4

15.     RCCL knows that open decks, like Deck 15, are also exposed to the elements and repetitively become wet from rain, ocean spray and humidity. RCCL's flooring on the open decks are unreasonably slippery when wet.

16.     RCCL knew or should have known of the dangerously slippery surface of the floor by the whirlpool on Deck 15 on February 7, 2019 because RCCL allowed a puddle 5 feet by 3 feet to accumulate for an extended period of time. TAMA BOGAD is 5 feet tall and was wet from head to toe when she slipped and fell on the unreasonably slippery deck.

17.     RCCL knew or should have know of the dangerous slippery condition because of the length of time the condition existed. Upon information or belief, the pool on Deck 15 was open at 8am on February 7, 2019. TAMA BOGAD slipped and fell at approximately 12pm on February 7, 2019.

18.     RCCL knew that there would be more passengers tracking even more water onto the deck from the pool and whirlpool that day because RCCL had closed the children's pool on February 7, 2019.

19.     RCCL knew or should have known of the dangerous slippery condition because of prior slip and fall incidents including but not limited to the following: On February 3, 2019, Darlene Murzyn was on the pool deck of the RCCL *Brilliance of the Seas*. Ms. Murzyn walked through an area near a hot tub. As Ms. Murzyn walked through an area near a hot tub, she slipped and fell on a large puddle of water which RCCL had allowed to accumulate for an extended period of time. On May 29, 2018, a passenger slipped and fell in a large puddle of water that RCCL allowed to accumulate at the bottom of two steps which are located in between the Deck 11 whirlpool and children's pool on the RCCL *Majesty of the Seas*. Shortly after that passenger slipped and fell, a child also slipped and fell in the same area on the RCCL *Majesty of the Seas*.

20.     RCCL knows or should know that relevant industry standards, regulations, and codes dictate that its flooring should be kept safe for foreseeable conditions like the accumulation of water, food, spills, and liquids.  "[T]he law in the Eleventh Circuit, as established by the former Fifth Circuit, is that advisory guidelines and recommendations, while not conclusive, are admissible as bearing on the standard of care in determining negligence." Cook v. Royal Caribbean Cruises, Ltd., No. 11–20723–CIV, 2012 WL 1792628, at *3 (S.D.Fla. May 15, 2012) (citing Muncie Aviation Corp. v. Party Doll Fleet, Inc., 519 F.2d 1178 (5th Cir.1975); Frazier v. Continental Oil Co., 568 F.2d 378 (5th Cir.1978)).Such guidelines are also probative of the defendants' constructive knowledge of the allegedly hazardous condition. See Cook, 2012 WL 1792628, at *3; Donlon v. Gluck Grp., LLC, No. 09–5379 (JEI/KMW), 2011 WL 6020574, at *6 (D.N.J. Dec. 2, 2011); See Holderbaum v. Carnival Corp., 87 F. Supp. 3d 1345 (S.D. Fla. February 19, 2015) (the court held that based on the IMO recommendation and the record evidence, a reasonable jury could conclude that the handrail was too large, hazardous, and that Defendant knew it was too large and hazardous) Muncie Aviation Corp., 519 F.2d at 1181 (holding that to the extent the defendant's pilot failed to consult advisory materials issued by the Federal Aviation Administration, or failed to follow their recommendations, "the jury could permissibly infer that he failed to meet the appropriate standard of due care"); Frazier, 568 F.2d at 381–82 (holding that the district court erroneously excluded testimony concerning violations of industry standards to establish the defendant's negligence); see also Donlon, 2011 WL 6020574, at *6 (denying summary judgment motion filed by houseboat manufacturer in lawsuit filed by person who fell down the stairs of a houseboat, holding that non-binding standards promulgated by the American Society for Testing and Materials were admissible because a jury could use the evidence to

conclude that the stairs "were defectively designed" and because the standards put defendant "on constructive notice of the potential danger of the stairs").

21.     **DESCRIPTION OF THE INCIDENT**. On February 7, 2019, *RCCL Harmony of the Seas* was on its fifth day of cruising. RCCL allowed a large puddle of water to accumulate by the pool and whirlpool on Deck 15. RCCL allowed this to happen despite knowing that passengers exiting the pools and hot tubs all throughout the day will track water onto the surrounding decks. RCCL had closed the children's pool on February 7, 2019. Because the children's pool was closed, RCCL knew that there would be more passengers tracking even more water onto the deck from the pool and whirlpool that day. RCCL's crewmembers allowed the puddle to accumulate and did not clean, dry, mop, or squeegee the puddle. RCCL also failed to post adequate warnings of water on the floor such as signs, cones, or barriers. RCCL also allowed the puddle to accumulate by failing to train its crewmembers regarding how to properly inspect, clean, and dry the floor. RCCL also allowed its crewmembers to ignore the puddle by stationing an inadequate number of crewmembers in the area and failing to supervise them.

22.     On February 7, 2019 TAMA BOGAD was on the Deck 15 of the *RCCL Harmony of the Seas*. TAMA BOGAD walked through an area near a hot tub. As BOGAD walked through an area near a hot tub, TAMA BOGAD slipped and fell on a large puddle of water which the Defendant had allowed to accumulate for an extended period of time. The Plaintiff had no way of knowing how slippery the deck would be.

23.     As a result of this slip and fall on board the Harmony of the Seas, TAMA BOGAD dislocated her left hip. On February 7, 2019, on the ship, TAMA BOGAD underwent a painful a closed reduction of the dislocated left hip. A closed reduction is a procedure to set the bone back in place without cutting the skin open. Following the incident and the closed reduction, TAMA

BOGAD's hip continued to dislocate. On April 5, 2019, TAMA BOGAD underwent a left hip revision (open) surgery with insertion of hardware. These injuries are permanent and significantly affect the life and abilities of the Plaintiff and are expected to continue in the future.

## COUNT I
## NEGLIGENT FAILURE TO MAINTAIN

24.     The Plaintiff, TAMA BOGAD, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 23, above.

25.     This is an action for negligence of RCCL failing to maintain the floor on the open deck of Deck 15 onboard the *RCCL Harmony of the Seas* in a safe manner.

26.     **DUTIES OWED BY THE DEFENDANT**.   RCCL owes a "duty to exercise reasonable care for the safety of its passengers," including TAMA BOGAD. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004). The Defendant also owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991).

27.     RCCL owes a duty as a common carrier to its passengers to maintain the floor on the open deck of Deck 15 onboard the *RCCL Harmony of the Seas* in a safe manner. RCCL owes a duty of reasonable care under the circumstances. The circumstances are that RCCL is in the hospitality business. Deck 15 on the *RCCL Harmony of The Seas* features swimming pools, hot tubs, and chaise lounges. The features on Deck 15 makes it one of the busiest locations on board the ship as the decks are central locations and attract crowds. The operations involve attracting crowds to a central location and controlling and ensuring the safety of those crowds.  Passengers exit the pools and hot tubs all throughout the day, tracking water onto the surrounding decks. The water tracked onto the decks is an ongoing, continuous problem of which RCCL is well aware. Large

puddles of water will accumulate on the open decks by the pools and whirlpool. RCCL's open decks, like Deck 15, are also exposed to the elements and repetitively become wet from rain, ocean spray and humidity. RCCL's flooring on the open decks are extremely slippery when wet.  This is an ongoing, continuous problem of which RCCL is well-aware. For these reasons, RCCL's duty of care includes maintaining the floor on the open deck of Deck 15 onboard the *RCCL Harmony of the Seas* in a safe manner including the floor where TAMA BOGAD slipped and fell on February 7, 2019. The duty to maintain the floor on the open deck of Deck 15 in a safe manner includes a duty to regularly inspect, clean, dry, mop and/or squeegee the Deck 15 floor.

28.     RCCL, at all relevant times, was also under a legal duty to comply with mandatory international vessel safety regulations that are promulgated by the International Maritime Organization (IMO) under authority expressly conferred by the U.S. Senate-ratified international Safety of Life at Sea (SOLAS) treaty, including *Part D*, *Regulation 13*, subpart 1.1 "safe escape routes shall be provided."); subpart 1.2 ("escape routes shall be maintained in a safe condition clear of obstacles.")  RCCL's walkways are escape routes that RCCL knew or should have known it must maintain in a safe, clear, clean and secure condition.

29.     The Defendant either had actual notice of the dangerous condition; and/or had constructive notice of the dangerous condition.

30.     RCCL knew or should have known of the dangerously slippery surface of the floor by the whirlpool on Deck 15 on February 7, 2019 for several reasons. RCCL knows that passengers exiting the pools and hot tubs all throughout the day will track water onto the surrounding decks. The water tracked onto the decks is an ongoing, continuous problem of which RCCL is well aware. RCCL knows that large puddles of water will accumulate on the open decks by the pools and whirlpool. RCCL's open decks, like Deck 15, are also exposed to the elements and repetitively become wet

from rain, ocean spray and humidity. RCCL's flooring on the open decks are unreasonably slippery when wet. RCCL knew or should have known about the dangerous condition because of the large size of the wet area and length of time the condition existed.

31.     RCCL knows from prior slip and fall incidents on the open deck of Deck 15 onboard the *Harmony of the Seas* and on similar flooring on the open decks on other RCCL ships like the one on which TAMA BOGAD fell, that the floor on the open deck becomes dangerously slick when wet and causes people to fall. RCCL documents slip and falls in various ways which may include prior shipboard safety meetings; work orders; prior repairs; logs or databases of prior similar incidents of slip and falls; prior complaints made to guest services throughout its fleet; safety testing and/or inspections testing.

32.     RCCL, at all relevant times, knew or should have known of industry safety standards applicable to maintaining safe walkways. Prominent safety organizations such as the International Maritime Organization (IMO), the U.S. Coast Guard, the U.S. Access Board, and the American Society for Testing and Materials (ASTM) International has led to the formulation and promulgation of stair and walkway safety standards and guidelines which apply to the marine environment.  See, *e.g.*, IMO, <u>MSC Circular 735</u> (24 June 1996); U.S. Access Board, <u>Draft Passenger Vessel Accessibility Guidelines</u> (2000-present) and ADA <u>Accessibility Guidelines</u>; 46 CFR §§72.05-20(n), 116.438(h); ASTM F-1166-07; <u>Life Safety Code</u>; and Safety of Life at Sea SOLAS) Treaty.

33.     The Defendant had constructive notice of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the nature of the dangerous condition, including that the condition that existed on the flooring of the open deck of Deck 15 is unreasonably slippery when wet in violation of industry standards, regulations, and codes, and was apparent to any RCCL's crew passing by, but not readily apparent to TAMA BOGAD; and/or (c) the size of the puddle of

water; and/or d) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity.   Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

34.     The additional circumstances giving rise to the Defendant's duty to maintain all areas and features of the vessel including the Deck 15 floor are the fact that the Defendant has installed a flooring material that must be properly cleaned, stripped and coated periodically according to the manufacturer's instructions and industry standards and that can become even more slippery when the manufacturer's instructions and industry standards are not complied with.

35.     In the alternative, notice to the Defendant is not required because the Defendant (a) engaged in and was guilty of negligent maintenance; and/or (b) through its own acts and/or omissions the Defendant caused the dangerous condition to come about or exacerbated the dangerous condition through negligently allowing the stairway to remain wet. Therefore, no notice to the Defendant is required.

36.     **RCCL BREACHES OF DUTY.**  RCCL breached its duty to maintain the floor on the pool deck of Deck 15 on board the *Harmony of the Seas* in a safe manner.  RCCL breached its duties to TAMA BOGAD by its actions and conduct. RCCL allowed a large puddle of water to accumulate by the whirlpool on Deck 15. RCCL allowed this to happen despite knowing that passengers exiting the pools and hot tubs all throughout the day will track water onto the surrounding decks. RCCL's crewmembers allowed the puddle to accumulate and did not clean, dry, mop, or squeegee the puddle. RCCL failed to regularly inspect the subject area. RCCL also failed to place a runner, mat or other slip resistant coating on the floor of Deck 15. RCCL also failed to comply with comply with applicable industry standards, statutes, and/or regulations which invokes the

Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence. RCCL's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*.

37.     **PROXIMATE CAUSE**: RCCL's failure to maintain the floor on the open deck of Deck 15 on board the *Harmony of the Seas* in a safe manner on February 7, 2019, proximately caused TAMA BOGAD's injuries. The Defendant's negligent maintenance caused a puddle of water to accumulate and remain on the deck for an extended period of time. The puddle made the deck unreasonably and unexpectedly wet and slippery. Had RCCL properly maintain the floor on the open deck of Deck 15 on board the *Harmony of the Seas* in a safe manner, TAMA BOGAD would have never slipped and fell by the whirlpool on Deck 15 on the *Harmony of the Seas* on February 7, 2019.

38.     **DAMAGES**: RCCL's negligence proximately caused permanent injuries and damages to TAMA BOGAD in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; and household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing.  TAMA BOGAD has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, Plaintiff, TAMA BOGAD, demands Judgment against RCCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future;

damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate

### COUNT II
### NEGLIGENT FAILURE TO WARN

39.     The Plaintiff, TAMA BOGAD, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 23, above.

40.     This is an action for negligence of RCCL failing to warn passengers, including TAMA BOGAD, of its hazards, risks or dangers.

41.     **DUTIES OWED BY THE DEFENDANT**.   RCCL owes a "duty to exercise reasonable care for the safety of its passengers," including TAMA BOGAD. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004). The Defendant also owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991). Additionally, the Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." *See Vierling v. Celebrity Cruises, Inc.,* 339 F.3d 1309 (11th Cir. 2003) ("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is non-delegable, and that even the slightest negligence renders a carrier liable."); *Carlisle v. Ulysses Line Limited*, 475 So.2d 248 (Fla. 3d DCA 1985).

42.     RCCL owes a duty as a common carrier to its passengers to warn of dangers known to RCCL where RCCL invite or reasonably expect passengers to go.   RCCL owes a duty of reasonable care under the circumstances. The circumstances are that RCCL is in the hospitality business. Deck 15 on the *RCCL Harmony of The Seas* features swimming pools, hot tubs, and chaise lounges. The features on Deck 15 makes it one of the busiest locations on board the ship as the decks are central locations and attract crowds. The operations involve attracting crowds to a central location and controlling and ensuring the safety of those crowds.  Passengers exit the pools and hot tubs all throughout the day, tracking water onto the surrounding decks. The water tracked onto the decks is an ongoing, continuous problem of which RCCL is well aware. Large puddles of water will accumulate on the open decks by the pools and whirlpool. RCCL's open decks, like Deck 15, are also exposed to the elements and repetitively become wet from rain, ocean spray and humidity. RCCL's flooring on the open decks are extremely slippery when wet.  This is an ongoing, continuous problem of which RCCL is well-aware. For these reasons, RCCL's duty of care includes warning of dangerous walking surfaces present in and around Deck 15, including the floor where TAMA BOGAD slipped and fell on February 7, 2019.

43.     RCCL, at all relevant times, was also under a legal duty to comply with mandatory international vessel safety regulations that are promulgated by the International Maritime Organization (IMO) under authority expressly conferred by the U.S. Senate-ratified international Safety of Life at Sea (SOLAS) treaty, including *Part D, Regulation 13*, subpart 1.1 "safe escape routes shall be provided."); subpart 1.2 ("escape routes shall be maintained in a safe condition clear of obstacles.")  RCCL's walkways are escape routes that RCCL knew or should have known it must maintain in a safe, clear, clean and secure condition.

44.     The Defendant had actual notice of the dangerous condition and/or had constructive notice of the dangerous condition.

45.     RCCL knew or should have known of the dangerously slippery surface of the floor by the whirlpool on Deck 15 on February 7, 2019 for several reasons. RCCL knows that passengers exiting the pools and hot tubs all throughout the day will track water onto the surrounding decks. The water tracked onto the decks is an ongoing, continuous problem of which RCCL is well aware. RCCL knows that large puddles of water will accumulate on the open decks by the pools and  whirlpool. RCCL's open decks, like Deck 15, are also exposed to the elements and repetitively become wet from rain, ocean spray and humidity. RCCL's flooring on the open decks are unreasonably slippery when wet. RCCL knew or should have known about the dangerous condition because of the large size of the wet area and length of time the condition existed.

46.     RCCL knows from prior slip and fall incidents on the open deck of Deck 15 onboard the *Harmony of the Seas* and on similar outdoor flooring on other RCCL ships like the one on which TAMA BOGAD fell, that the floor on the open deck becomes dangerously slick when wet and causes people to fall. RCCL documents slip and falls in various ways which may include prior shipboard safety meetings; work orders; prior repairs; logs or databases of prior similar incidents of slip and falls; prior complaints made to guest services throughout its fleet; safety testing and/or inspections testing.

47.     RCCL, at all relevant times, knew or should have known of industry safety standards applicable to maintaining safe walkways. Prominent safety organizations such as the International Maritime Organization (IMO), the U.S. Coast Guard, the U.S. Access Board, and the American Society for Testing and Materials (ASTM) International has led to the formulation and promulgation of stair and walkway safety standards and guidelines which apply to the marine environment.  See,

15

*e.g.*, IMO, MSC Circular 735 (24 June 1996); U.S. Access Board, Draft Passenger Vessel Accessibility Guidelines (2000-present) and ADA Accessibility Guidelines; 46 CFR §§72.05-20(n), 116.438(h); ASTM F-1166-07; Life Safety Code; and Safety of Life at Sea SOLAS) Treaty.

48.     RCCL is aware that it owes a duty as a common carrier to its passengers to warn of dangers known to RCCL where RCCL invite or reasonably expect passengers to go. RCCL distributes crew member training materials; safety warning messages including those made through verbal announcement, newsletters and safety videos.  RCCL train its crew members to warn passengers of hazardous or slippery conditions verbally, with warning signs, and/or marking the area or blocking off the area to prevent passengers from walking on the hazardous and/or slippery condition.

49.     **RCCL BREACHES OF DUTY.**  RCCL breached its duty to warn DARLENE MURYZN of dangerously slippery condition of the floor of the open deck on Deck 15.  RCCL breached its duties to TAMA BOGAD by its actions and conduct.  RCCL through its crew members failed to reasonably and regularly place signs, stickers, lights, and other visual or written notices on or near the pool deck of Deck 15 where TAMA BOGAD slipped and fell. RCCL's crew members failed to reasonably and regularly make audible announcements that the open decks are dangerously slippery when wet. RCCL also failed to comply with comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence. RCCL's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*.

50.     RCCL failed to warn TAMA BOGAD of the dangerous, unreasonably, and unexpectedly slippery nature of the Deck 15 pool deck in an area that RCCL had invited TAMA

BOGAD to visit. The dangerous, unreasonably, and unexpectedly slippery nature of the Deck 15 pool deck was readily apparent to the Defendant because of prior similar incidents and it is a repetitive, ongoing condition. The dangerous, unreasonably, and unexpectedly slippery nature of the Deck 15 pool deck was readily apparent to the Defendant; however, the unreasonably, and unexpectedly slippery nature of the area where TAMA BOGAD slipped and fell was not readily apparent to TAMA BOGAD.

51.     **PROXIMATE CAUSE**: RCCL's failure to properly warn TAMA BOGAD of the dangerously slippery condition of the pool deck floor on Deck 15 caused the TAMA BOGAD's injuries. Had RCCL properly warned TAMA BOGAD of the slipping hazard, DARLENE would have been aware of the dangerously slippery condition. TAMA BOGAD therefore would have never slipped and fell on the pool deck of Deck 15 on board the *Harmony of the Seas.*

52.     **DAMAGES**: RCCL's negligence proximately caused permanent injuries and damages to TAMA BOGAD in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; and household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing.  TAMA BOGAD has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, Plaintiff, TAMA BOGAD, demands Judgment against RCCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future;

damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT III**
**NEGLIGENT TRAINING OF PERSONNEL**

53.     The Plaintiff, TAMA BOGAD, hereby adopts and re-alleges each and every allegation in Paragraphs 1-23, above.

54.     This is an action for negligence of RCCL negligent training of shipboard crewmembers.

55.     **DUTIES OWED BY THE DEFENDANT**.   RCCL owes a "duty to exercise reasonable care for the safety of its passengers," including TAMA BOGAD. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004). The Defendant also owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991). The cruise line is directly negligent for failing to train its shipboard crew members.

56.     RCCL owes a duty as a common carrier to its passengers to train its crew members warn of dangers known to RCCL where RCCL invite or reasonably expect passengers to go.  RCCL owes a duty of reasonable care under the circumstances. The circumstances are that RCCL is in the hospitality business. Deck 15 on the *RCCL Harmony of The Seas* features swimming pools, hot tubs, and chaise lounges. The features on Deck 15 makes it one of the busiest locations on board the ship as the decks are central locations and attract crowds. The operations involve attracting

crowds to a central location and controlling and ensuring the safety of those crowds.  Passengers

exit the pools and hot tubs all throughout the day, tracking water onto the surrounding decks. The

water tracked onto the decks is an ongoing, continuous problem of which RCCL is well aware. Large

puddles of water will accumulate on the open decks by the pools and  whirlpool. RCCL's open

decks, like Deck 15, are also exposed to the elements and repetitively become wet from rain, ocean

spray and humidity. RCCL's flooring on the open decks are extremely slippery when wet.  This is

an ongoing, continuous problem of which RCCL is well-aware. For these reasons, RCCL's duty

of care includes training its crew members to warn passengers of dangerous walking surfaces

present in and around Deck 15, including on the pool deck where TAMA BOGAD slipped and fell

on February 7, 2019.

57.    RCCL, at all relevant times, was also under a legal duty to comply with mandatory

international vessel safety regulations that are promulgated by the International Maritime

Organization (IMO) under authority expressly conferred by the U.S. Senate-ratified international

Safety of Life at Sea (SOLAS) treaty, including *Part D*, *Regulation 13*, subpart 1.1 "safe escape

routes shall be provided."); subpart 1.2 ("escape routes shall be maintained in a safe condition

clear of obstacles.")  RCCL's walkways are escape routes that RCCL knew or should have known

it must maintain in a safe, clear, clean and secure condition.

58.    RCCL trains its shipboard crewmembers to warn passengers of the dangerous

slippery conditions including on the open deck by the pools and whirlpool on Deck 15 on the

*Harmony of the Seas*, that may cause passengers to slip and fall. RCCL knew, or should have

known, of the importance of training its crewmembers to warn passengers of the dangerous slippery

conditions of surfaces on board *Harmony of the Seas*  including on the open deck by the pools

and whirlpool on Deck 15, that may cause passengers to slip and fall. RCCL trains its crewmembers

that passengers may not know that surfaces on board *Harmony of the Seas* including on the open deck by the pools and whirlpool on Deck 15, may be dangerously slippery and could cause them to slip and fall. RCCL knew or should have known the importance of training its crewmembers that passenger may not know of the dangerous slippery conditions of surfaces on board *Harmony of the Seas* including on the open deck by the pools and whirlpool on Deck 15. RCCL trains its crewmembers to warn passengers of slipping hazards verbally, with warning signs, and/or marking the area or blocking off the area to prevent passengers from slipping and falling. RCCL knew or should have known of the importance of training its crew members to warn passengers of slipping hazards verbally, with warning signs, and/or marking the area or blocking off the area to prevent passengers from slipping and falling. RCCL also distributes crew member training materials; safety warning messages including those made through verbal announcement, newsletters and safety videos. RCCL documents dangerous hazards and prior slip and falls in various ways which may include prior shipboard safety meetings; work orders; prior repairs; logs or databases of prior similar incidents of slip and falls; prior complaints made to guest services throughout its fleet; safety testing and/or inspections testing. However, despite knowing how and the reason why RCCL should train its crewmembers, RCCL failed to do so.

59.     The Defendant had actual notice of the dangerous condition and/or had constructive notice of the dangerous condition.

60.     RCCL knew or should have known of the dangerously slippery surface of the floor by the whirlpool on Deck 15 on February 7, 2019 for several reasons. RCCL knows that passengers exiting the pools and hot tubs all throughout the day will track water onto the surrounding decks. The water tracked onto the decks is an ongoing, continuous problem of which RCCL is well aware. RCCL knows that large puddles of water will accumulate on the open decks by the pools and whirlpool.

RCCL's open decks, like Deck 15, are also exposed to the elements and repetitively become wet from rain, ocean spray and humidity. RCCL's flooring on the open decks are unreasonably slippery when wet. RCCL knew or should have known about the dangerous condition because of the large size of the wet area and length of time the condition existed.

61.     RCCL also knew or should have known of the dangerously slippery surface of the floor by the whirlpool on Deck 15 on February 7, 2019 because of prior similar incidents or complaints. RCCL documents slip and falls in various ways which may include prior shipboard safety meetings; work orders; prior repairs; logs or databases of prior similar incidents of slip and falls; prior complaints made to guest services throughout its fleet; safety testing and/or inspections testing.

62.     RCCL, at all relevant times, knew or should have known of industry safety standards applicable to maintaining safe walkways. Prominent safety organizations such as the International Maritime Organization (IMO), the U.S. Coast Guard, the U.S. Access Board, and the American Society for Testing and Materials (ASTM) International has led to the formulation and promulgation of stair and walkway safety standards and guidelines which apply to the marine environment.  See, e.g., IMO, MSC Circular 735 (24 June 1996); U.S. Access Board, Draft Passenger Vessel Accessibility Guidelines (2000-present) and ADA Accessibility Guidelines; 46 CFR §§72.05-20(n), 116.438(h); ASTM F-1166-07; Life Safety Code; and Safety of Life at Sea SOLAS) Treaty.

63.     RCCL's duty to properly train its crewmembers is part of RCCL's duty of reasonable care under the circumstances. This duty requires RCCL to properly train its crew members to properly warn passengers of dangerously slippery surface of the floor by the whirlpool on Deck 15 that may cause passengers to slip and fall.

64.     RCCL should have become aware that it had failed to properly train its crew members given that the crew member(s) were failing to properly warn passengers of the dangerously slippery surface of the floor by the whirlpool on Deck 15 on February 7, 2019.

65.     **RCCL BREACHED ITS DUTY**: RCCL breached its duty of care owed to TAMA BOGAD and was negligent by failing to reasonably train its crewmembers to warn passengers of dangerously slippery surface of the floor by the whirlpool on Deck 15 on board the *Harmony of the Seas*, that may cause passengers to slip and fall. RCCL also failed to comply with comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence. RCCL's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*.

66.     **PROXIMATE CAUSE**: RCCL's failure to properly train RCCL's crew members proximately caused TAMA BOGAD's injuries. Had RCCL properly trained RCCL's crew members to warn passengers of dangerously slippery surface of the floor by the whirlpool on Deck 15 on board the *Harmony of the Seas*, that may cause passengers to slip and fall, the crewmember would have warned TAMA BOGAD of the dangerously slippery condition and TAMA BOGAD would have been aware of the dangerous condition. TAMA BOGAD therefore would never have slipped and fallen on dangerously slippery surface of the floor by the whirlpool on Deck 15 on board the *Harmony of the Seas* on February 7, 2019.

67.     **DAMAGES**: RCCL's negligence proximately caused permanent injuries and damages to TAMA BOGAD in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; and household and other related expenses in the past and in the future.

Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing.  TAMA BOGAD has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, Plaintiff, TAMA BOGAD, demands Judgment against RCCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT IV
## NEGLIGENT SUPERVISION OF PERSONNEL

68.     The Plaintiff, TAMA BOGAD, hereby adopts and re-alleges each and every allegation in Paragraphs 1-23, above.

69.     This is an action for negligence of RCCL negligent supervision of shipboard crewmembers.

70.     **DUTIES OWED BY THE DEFENDANT**.  RCCL owes a "duty to exercise reasonable care for the safety of its passengers," including TAMA BOGAD. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004). The Defendant also owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines,*

*Inc.*, 1991 WL 329584 (S.D. Fla. 1991). The cruise line is directly negligent for failing to supervise its shipboard crew members.

71.     RCCL owes a duty as a common carrier to its passengers to supervise its crew members to ensure RCCL's crew members are properly warning passengers of dangers known to RCCL where RCCL invite or reasonably expect passengers to go.  RCCL owes a duty of reasonable care under the circumstances. The circumstances are that RCCL  is in the hospitality business. Deck 15 on the *RCCL Harmony of The Seas* features swimming pools, hot tubs, and chaise lounges. The features on Deck 15 makes it one of the busiest locations on board the ship as the decks are central locations and attract crowds. The operations involve attracting crowds to a central location and controlling and ensuring the safety of those crowds.  Passengers exit the pools and hot tubs all throughout the day, tracking water onto the surrounding decks. The water tracked onto the decks is an ongoing, continuous problem of which RCCL is well aware. Large puddles of water will accumulate on the open decks by the pools and whirlpool. RCCL's open decks, like Deck 15, are also exposed to the elements and repetitively become wet from rain, ocean spray and humidity. RCCL's flooring on the open decks are extremely slippery when wet.  This is an ongoing, continuous problem of which RCCL is well-aware. For these reasons, RCCL's duty of care includes supervising its crew members to ensure that passengers are properly warned of dangerous walking surfaces present in and around Deck 15, including the floor where TAMA BOGAD slipped and fell on February 7, 2019.

72.     RCCL, at all relevant times, was also under a legal duty to comply with mandatory international vessel safety regulations that are promulgated by the International Maritime Organization (IMO) under authority expressly conferred by the U.S. Senate-ratified international Safety of Life at Sea (SOLAS) treaty, including *Part D*, *Regulation 13*, underline subpart 1.1 "safe escape

routes shall be provided."); subpart 1.2 ("escape routes shall be maintained in a safe condition clear of obstacles.")  RCCL's walkways are escape routes that RCCL knew or should have known it must maintain in a safe, clear, clean and secure condition.

73.     RCCL should have become aware of the crew member(s) failure to properly warn passengers of the dangerously slippery conditions on surfaces on board the *Harmony of the Seas* including on the open deck by the pools and whirlpool on Deck 15.

74.     RCCL should have become aware that RCCL's crew member(s) were failing to properly warn passengers of the dangerously slippery surface of the floor by the whirlpool on Deck 15 on February 7, 2019 for several reasons. RCCL knows that passengers exiting the pools and hot tubs all throughout the day will track water onto the surrounding decks. The water tracked onto the decks is an ongoing, continuous problem of which RCCL is well aware. RCCL knows that large puddles of water will accumulate on the open decks by the pools and whirlpool. RCCL's open decks, like Deck 15, are also exposed to the elements and repetitively become wet from rain, ocean spray and humidity. RCCL's flooring on the open decks are unreasonably slippery when wet. RCCL knew or should have known about the dangerous condition because of the large size of the wet area and length of time the condition existed.

75.     RCCL, at all relevant times, knew or should have known of industry safety standards applicable to maintaining safe walkways. Prominent safety organizations such as the International Maritime Organization (IMO), the U.S. Coast Guard, the U.S. Access Board, and the American Society for Testing and Materials (ASTM) International has led to the formulation and promulgation of stair and walkway safety standards and guidelines which apply to the marine environment.  See, *e.g.*, IMO, MSC Circular 735 (24 June 1996); U.S. Access Board, Draft Passenger Vessel

Accessibility Guidelines (2000-present) and ADA Accessibility Guidelines; 46 CFR §§72.05-20(n), 116.438(h); ASTM F-1166-07; Life Safety Code; and Safety of Life at Sea SOLAS) Treaty.

76.     RCCL's duty to properly supervise its crewmembers is part of RCCL's duty of reasonable care under the circumstances. This duty requires RCCL to properly supervise its crew members ensure that the crew members are properly warning passengers of dangerous slippery conditions of surfaces on board the *Harmony of the Seas* including on the open deck by the pools and  whirlpool on Deck 15, that may cause passengers to slip and fall.

77.     **RCCL BREACHED ITS DUTY**: RCCL breached its duty of care owed to TAMA BOGAD and was negligent by failing to reasonably supervise its crewmembers to ensure that the crew members are warning passengers of dangerous slippery conditions of surfaces on board the *Harmony of the Seas* including on the open deck by the pools and  whirlpool on Deck 15, that may cause passengers to slip and fall. RCCL also failed to comply with comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence. RCCL's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*.

78.     **PROXIMATE CAUSE**: RCCL's failure to properly supervise RCCL crew members proximately caused TAMA BOGAD's injuries.  Had RCCL properly supervised RCCL's crew members to warn passengers of dangerous slippery conditions of surfaces on board the *Harmony of the Seas* including on the open deck by the pools and  whirlpool on Deck 15, that may cause passengers to slip and fall, the crewmember would have warned TAMA BOGAD of the dangerously slippery condition of the walkway and TAMA BOGAD would have been aware of the dangerous condition. TAMA BOGAD therefore would never have slipped and fallen on the

dangerous slippery condition on board the *Harmony of the Seas* on the open deck by the pools and whirlpool on Deck 15.

79.    **DAMAGES**: RCCL's negligence proximately caused permanent injuries and damages to TAMA BOGAD in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; and household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing.  TAMA BOGAD has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, Plaintiff, TAMA BOGAD, demands Judgment against RCCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

<u>**COUNT V**</u>
<u>**NEGLIGENT DESIGN, CONSTRUCTION AND SELECTION OF MATERIALS**</u>

80.    The Plaintiff, TAMA BOGAD, hereby adopts and re-alleges each and every allegation in Paragraphs 1-23, above.

81. This is an action for negligence due to RCCL's negligent design, construction and selection of materials.

82. **<u>DUTIES OWED BY RCCL</u>**: RCCL owes a "duty to exercise reasonable care for the safety of its passengers" including TAMA BOGAD. *See Hall v. Royal Caribbean Cruises, Limited* 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3d03-2132 (Fla. 3d DCA Opinion filed July 21, 2004). The Defendant also owes a "duty to exercise reasonable care under the circumstances**."** *See Harnesk v. Carnival Cruise Lines, Inc,* 1992 A.M.C. 1472, 1991 WL 329584 (S.D. Fla. 1991). The cruise line is directly negligent for negligent design, construction and selection of materials on the *Harmony of the Seas.*

83. RCCL owes a duty of reasonable care under the circumstances. The circumstances are as follows: The exterior and interior of the ship was built in Germany at a shipyard under the constant supervision of RCCL's onsite construction managers, designers, architects, and engineers. Under the contract with the shipyard, RCCL not only had full access to the ship to inspect and the ability to inspect the designs used for construction, but also has the ability to reject and change any design or construction at the shipyard and for a period of time thereafter. RCCL holds the ultimate control under their contract with the yard, if an item or design is rejected or at issue and not resolved, RCCL can withhold payment. That includes the materials used on the open deck by the pools and whirlpool on Deck 15 on board the *Harmony of the Seas*, which caused this fall and these injuries.

84. The *RCCL Harmony of The Seas* was delivered to RCCL as finished on May 13, 2016. RCCL has operated and maintained the ship continuously since that time. The *RCCL Harmony of The Seas* is a part of the *Oasis*-Class. RCCL has operated and maintained the other ships in *Radiance* class, listed above, continuously since the time when each of those ships were

first built and put into service. And RCCL also custom built to specifications and designs which were made by or under the supervision and participation of RCCL all of the *Oasis*-class ships. The design and construction of these ships was under the supervision and with the participation of RCCL personnel who were stationed onsite in the shipyard during construction.

85.     Upon information or belief, RCCL maintains shoreside departments that are responsible for the design, selection and construction of RCCL's ships. Upon information or belief, RCCL also maintains shoreside departments that are responsible for changes and modification to the design, construction and selection of materials when RCCL refit or modify its ships. These shoreside departments consist of naval architects, engineers, designers and other employees who are employed by RCCL.  As such, RCCL maintained the ultimate control over the design and construction of the *Harmony of the Seas* as well as for other ships in the Radiance Class. Upon information and belief, RCCL's contract with the shipyard allowed RCCL to make progressive payments as work was completed. RCCL payment scheme allowed RCCL the power and right to demand changes and modifications to the design, selection of materials and construction of the ship at any time.

86.     RCCL chose to create, design, and construct all of the surfaces on board the *Harmony of the Seas* including on the open deck by the pools and whirlpool on Deck 15.

87.     RCCL should have known that the floor it chose to create, design, and construct on the open deck by the pools and whirlpool on Deck 15 on board the *Harmony of the Seas* were reasonably dangerous.

88.     RCCL, at all relevant times, was also under a legal duty to comply with mandatory international vessel safety regulations that are promulgated by the International Maritime Organization (IMO) under authority expressly conferred by the U.S. Senate-ratified international

Safety of Life at Sea (SOLAS) treaty, including *Part D*, *Regulation 13*, subpart 1.1 "safe escape routes shall be provided."); subpart 1.2 ("escape routes shall be maintained in a safe condition clear of obstacles.") RCCL's walkways are escape routes that RCCL knew or should have known it must maintain in a safe, clear, clean and secure condition.

89.     RCCL, at all relevant times, knew or should have known of industry safety standards applicable to maintaining safe walkways, staircases and floor materials.   Prominent safety organizations such as the International Maritime Organization (IMO), the U.S. Coast Guard, the U.S. Access Board, and the American Society for Testing and Materials (ASTM) International has led to the formulation and promulgation of star and walkway safety standards and guidelines which apply to the marine environment.  See, *e.g.*, IMO, MSC Circular 735 (24 June 1996); U.S. Access Board, Draft Passenger Vessel Accessibility Guidelines  (2000-present) and ADA Accessibility Guidelines; 46 CFR §§72.05-20(n), 116.438(h); ASTM F-1166-07; Life Safety Code; and Safety of Life at Sea SOLAS) Treaty.

90.     RCCL's duty to design, construct and select materials for all areas and features of its vessels, including on the open deck by the pools and whirlpool on Deck 15 on board the *Harmony of the Seas*, is part of RCCL's duty of reasonable care under the circumstances. RCCL had a duty to design and construct walkways aboard the *Harmony of the Seas* in a reasonably safe manner and in accordance with industry standards.  RCCL's duty is part of its duty of reasonable care under the circumstances.

91.     **RCCL BREACHED ITS DUTY**: RCCL breached its duty of care owed to TAMA BOGAD and was negligent by failing to design, construct, select, approve and/or reject the floor on the open deck by the pools and whirlpool on Deck 15 on board the *Harmony of the Seas*. RCCL failed to design, construct, select, approve and/or reject materials that complied with industry

standards.  The design and/or materials RCCL selected and used to construct the floor on the open deck by the pools and whirlpool on Deck 15 on board the *Harmony of the Seas* was unreasonably dangerous. RCCL also failed to comply with comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence. RCCL's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*.

92.    Because RCCL had the ultimate control over the design, construction and selection of materials for its ships, RCCL could refuse to approve the design, construction and selection of materials used for the floor on the open deck by the pools and whirlpool on Deck 15 on board the *Harmony of the Seas*. RCCL knew or should have known about the dangerousness of the floor on the open deck by the pools and whirlpool on Deck 15 on board the *Harmony of the Seas*.

93.    RCCL knew or should have known of the dangerousness of the floor on the open deck by the pools and whirlpool on Deck 15 on board the *Harmony of the Seas* since their installation in 2002 and/or any changes or modifications.  RCCL's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*.

94.    **PROXIMATE CAUSE**: RCCL's negligent design, construct and select materials proximately caused TAMA BOGAD injuries.  Had RCCL properly designed, constructed and selected the materials of the floor on the open deck by the pools and whirlpool on Deck 15 on the *Harmony of the Seas*. TAMA BOGAD would never have walked onto the dangerous open deck. TAMA BOGAD therefore would never have slipped and fell.

95.    **DAMAGES**: RCCL's negligence proximately caused permanent injuries and damages to TAMA BOGAD in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses

in the past and in the future; and household and other related expenses in the past and in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. TAMA BOGAD has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, Plaintiff, TAMA BOGAD, demands Judgment against RCCL for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

By: _s/ Lisa C. Goodman_____
**LISA C. GOODMAN, ESQ**. (FBN118698)
lgoodman@hickeylawfirm.com
**JOHN H. HICKEY**, **ESQ.** (FBN 305081)
hickey@hickeylawfirm.com
federalcourtfilings@hickeylawfirm.com
**HICKEY LAW FIRM, P.A.**
1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Attorney for the Plaintiff*